

<table>
<tr><td><strong>STEVEN BANKS</strong><br><em>Corporation Counsel</em></td><td style="text-align:center">THE CITY OF NEW YORK<br><strong>LAW DEPARTMENT</strong><br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td style="text-align:right"><strong>Lauren Howland</strong><br><em>Special Assistant Corporation Counsel</em><br>Office: 212) 356-2016</td></tr>
</table>

April 27, 2026

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Cuddy Law Firm P.L.L.C. v. New York City Dep't of Educ.*, 25-cv-10605 (PAE)(SLC)

Dear Judge Engelmayer:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Steven Banks, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

I write on behalf of the parties to respectfully requests that, in light of the parties' inability to settle this matter, the Court adjourn Initial Pretrial Conference Call scheduled for May 14, 2026 (ECF No. 10), *sine die,* and that the Court order the proposed briefing schedule detailed below.

By way of update, on April 13, 2026, Defendant served Plaintiff with a final written offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D) ("Offer").[1]

There is no usefulness in the Court holding an initial conference in this fees-only action, as liability is not at issue and there will be no discovery needed. The sole disagreement is over the reasonableness of Plaintiff's fee demand, which will need to be resolved by the Court.

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys 'fees and related costs for certain services.
(i)In general. Attorneys 'fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
    (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
    (II) the offer is not accepted within 10 days; and
    (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

Alternatively, if the Court wishes to proceed with the conference, Defendant respectfully advises the Court that Defendant's will not be able to attend that conference with any additional settlement authority, as Defendant has fully valued the case, and is confident that the Offer will serve to cut off any recovery for work performed beyond that date.

Additionally, Plaintiff writes to request the Court grant leave for Plaintiff to file the administrative record from the administrative matter (Case No. 242078) under seal as the documentation requires extensive redactions of a minor's personal information, including the minor's name, date of birth, and school identification number. Defendants counsel consents to the request.

The family whose records underlie this matter (and are not parties to this action, as they have fully assigned their fee claim to the Firm) have a regularly recognized an established right to privacy concerning the type of documents proposed; namely, the administrative record of an Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, impartial due process hearing. *See, e.g., R.G. v. New York City Dept. of Educ.*, S.D.N.Y. Index No. 18-cv-12119-JPC-RWL, Dkt. 21, 22; *A.M. v. New York City Dept. of Educ.*, S.D.N.Y. Index No. 14-cv-09224-JPO-RWL, Dkt. 7, 8; *Donohue v. New York City Dept. of Educ.*, S.D.N.Y. Index No. 20-cv-1942-ALC-KHP, Dkt. 13 (Order for filing certified record from Office of State Review under seal); *Rutherford v. Florida Union Fr. Sch. Dist.*, S.D.N.Y. Index No. 7:16-cv-09778-KMK, Dkt. 202 (Memo Endorsement); 20 U.S.C. §§ 1232g, 1415, 1417(c). The administrative record itself is also replete with Individualized Education Program ("IEP") documents, student assessments, data collection on the student, and similar records that are independently confidential. Notably, in addition to the IDEA and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, New York's regulations implementing the IDEA require the confidentiality and preservation thereof as to personally identifiable data, information, or records pertaining to students with disabilities. 8 N.Y.C.R.R. §§ 200.2(b)(6), (b)(11)(ii), 200.5(e).

Accordingly, Plaintiff respectfully requests the Court grant leave for Plaintiff to file the administrative record from the administrative matter (Case No. 242078) under seal, and the parties respectfully request that the Court adjourn the conference scheduled for May 14, 2026, *sine die*, and order that the parties proceed with the following proposed briefing schedule:

**Plaintiff's Motion due**: May 29, 2026[2]
**Defendant's Opposition due**: June 29, 2026
**Plaintiff's Reply, if any, due**: July 15, 2026

Thank you for considering these requests.

Respectfully submitted,
*/s/ Lauren Howland*

Lauren Howland
Special Assistant Corporation Counsel

cc: Francesca Antorino (via ECF)

---

[2] Plaintiff seeks the Court's guidance on whether it would like the Parties to file a Rule 56.1 statement along with the motion papers.

2

GRANTED.   Because the motion strictly concerns fees, costs, and expenses, the parties need not file a Rule 56.1 statement along with the motion papers.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Date: April 29, 2026
New York, New York